# EXHIBIT 1

# DEFENDANT'S AMENDED ANSWER, DEFENSES AND COUNTERCLAIM *INSTANTER TO PLAINTIFF'S COMPLAINT*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,
EASTERN DIVISION

| | | |
|---|---|---|
| **A&L TOWING AND RECOVERY, LLC,** | ) | CASE NO. 2:24-cv-01328-JLG-EPD |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES L. GRAHAM |
| v. | ) | |
| | ) | MAGISTRATE JUDGE ELIZABETH |
| **FREIGHTSTAR EXPEDITED LLC,** | ) | P. DEAVERS |
| | ) | |
| Defendant. | ) | |
| | ) | State Case No. 24cv125 |

**DEFENDANT'S AMENDED ANSWER, DEFENSES AND COUNTERCLAIM**
***INSTANTER* TO PLAINTIFF'S COMPLAINT**
**(JURY DEMAND ENDORSED HEREON)**

NOW COMES the defendant, Freightstar Expedited LLC ("Freightstar" or the "Defendant"), by and through its attorneys, and for its Answer and Defenses to the Complaint filed herein by the plaintiff, A&L Towing and Recovery, LLC ("A&L" or the "Plaintiff"), states as follows:

1. Defendant states it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations comprising paragraph 1 of the Complaint and, accordingly, denies the same.

2. Answering paragraph 2 of the Complaint, Defendant denies it is a corporation. Further answering, Defendant admits the remaining allegations.

3. Answering paragraphs 3 and 4 of the Complaint, Defendant admits only that a commercial vehicle, consisting of a tractor and trailer, operated by Defendant's driver was involved in an incident on Lancaster-Kirkersville Road NW in Baltimore, Ohio on December 4,

2023. Further answering, Defendant states it is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations comprising paragraphs 3 and 4 and, accordingly, denies the same.

4. Defendant states it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations comprising paragraph 5 of the Complaint and, accordingly, denies the same.

5. Defendant states it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations comprising paragraph 6 of the Complaint and, accordingly, denies the same.

6. Defendant states it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations comprising paragraph 7 of the Complaint and, accordingly, denies the same.

7. In response to paragraph 8 of the Complaint, Defendant objects to Exhibit A and its admissibility for reasons to be asserted on the record and during the course of these proceedings, said reasons to include, but not be limited to, lack of authentication. Answering paragraph 8 of the Complaint, Defendant denies the allegations.

8. In response to paragraph 9 of the Complaint, Defendant objects to Exhibit B and its admissibility for reasons to be asserted on the record and during the course of these proceedings, said reasons to include, but not be limited to, lack of authentication. Answering paragraph 9 of the Complaint, Defendant admits only that it requested disposal of the cargo. Further answering, Defendant states it is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, accordingly, denies the same.

9. Answering paragraph 10 of the Complaint, Defendant denies "storage charges continue to accrue at a pre-sales tax rate of $200 per day for both pieces of equipment." Further

answering, Defendant states it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations comprising paragraph 10 of the Complaint and, accordingly, denies the same.

10. Defendant states it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations comprising paragraph 11 of the Complaint and, accordingly, denies the same.

11. Defendant denies the allegations comprising paragraph 12 of the Complaint.

12. Answering paragraph 13 of the Complaint, Defendant incorporates all prior responses, answers, defenses, and objections as if fully restated herein.

13. Defendant denies the allegations comprising paragraphs 14, 15, 16, 17, and 18 of the Complaint.

14. Answering paragraph 19 of the Complaint, Defendant incorporates all prior responses, answers, defenses, and objections as if fully restated herein.

15. Answering paragraph 20 of the Complaint, Defendant admits only that Plaintiff provided some of the Services and Disposal but denies Plaintiff provided the Services and Disposal as defined in the Complaint.

16. Answering paragraph 21 of the Complaint, Defendant admits only that it accepted and retained some of the Services and Disposal but denies it accepted and retained the Services and Disposal as defined in the Complaint. Further answering, Defendant denies all remaining allegations comprising paragraph 21.

17. Defendant denies the allegations comprising paragraphs 22, 23, 24, and 25 of the Complaint.

18. Answering paragraph 26 of the Complaint, Defendant incorporates all prior responses, answers, defenses, and objections as if fully restated herein.

19. Paragraphs 27, 28, and 29 of the Complaint consist entirely of Plaintiff's unsupported, narrative arguments and legal conclusions to which no response is due from Defendant. To the extent an answer is required of Defendant, and without waiving or otherwise limiting any objections stated herein, Defendant states it is without sufficient knowledge or information to form a belief as to the truth or falsity of any allegations comprising paragraphs 27, 28, and 29 of the Complaint and, accordingly, denies the same.

20. Paragraphs 30 and 31 of the Complaint consist entirely of requests for relief by the Plaintiff to which no response is due from Defendant. To the extent an answer is required of Defendant, and without waiving or otherwise limiting any objections stated herein, Defendant denies any allegations comprising paragraphs 30 and 31 of the Complaint.

21. Defendant denies each and every allegation comprising the Complaint and not expressly admitted as true herein.

## AFFIRMATIVE DEFENSES

22. The Complaint fails to state claims or a cause of action, cognizable in equity or law, against Defendant and must therefore be dismissed.

23. Plaintiff's claims are, in whole or in part, barred by applicable statutes and regulations.

24. Plaintiff's claims are barred, in whole or in part, by Plaintiff's illegal or otherwise unlawful acts and omissions.

25. Plaintiff's claims are barred, in whole or in part, by Plaintiff's negligent or fraudulent misrepresentations.

26. The doctrine of unclean hands bars any recovery by Plaintiff.

27. Parties or entities needed for just adjudication of the within controversy have not been joined in the Complaint.

28. Plaintiff failed to minimize or mitigate its damages.

29. Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

30. Plaintiff's claims are barred, in whole or in part, due to the absence of an enforceable contract, whether alleged to be express or implied in fact.

31. Plaintiff's claims are barred, in whole or in part, due to the absence of mutuality of obligation.

32. Plaintiff's claims are barred, in whole or in part, as the result of Plaintiff's unilateral demands and imposition of unconscionable terms.

33. Plaintiff's claims are barred, in whole or in part, as the result of Defendant's incapacity.

34. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

35. Plaintiff's claims are barred, in whole or in part, as the result of one or more payments to Plaintiff.

36. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

37. Defendants asserts that they intend to rely upon such other defenses as may become available or apparent during discovery proceedings in this case and hereby reserve their right to amend their Answer and Defenses to plead such defenses.

WHEREFORE, Defendant respectfully states and requests that the underlying Complaint be dismissed, with all costs charged to Plaintiff, that Plaintiff be awarded nothing, and that this Court award Defendant any and all such other and further relief, both legal and equitable, as this Court deems just and proper.

## COUNTERCLAIM AGAINST A&L TOWING AND RECOVERY, LLC

Now comes Defendant Freightstar Expedited LLC ("Freightstar") and states for its Counterclaim against A&L Towing and Recovery, LLC ("A&L") as follows:

### PARTIES

1. Freightstar is a federally authorized motor carrier having its principal place of business in West Chicago, Illinos.

2. A&L is an Ohio limited liability company having its principal place of business in Lancaster, Ohio.  A&L is in the business of providing towing and recovery services.

### GENERAL ALLEGATIONS

3. On December 4, 2023, A&L responded to a law enforcement call to a motor vehicle accident on Quarry Road SE in Lancaster, Ohio (the "Site"), involving Freightstar's 2018 Volvo 122 Series commercial motor vehicle tractor and attached trailer (collectively, the "CMV") and its freight consisting of frozen waffles (the "Cargo").

4. Thereafter, A&L dispatched equipment and personnel to the accident scene to perform towing, recovery, and cleanup services (collectively, the "Services").

5. Freightstar did not hire A&L, did not enter into any agreement with A&L, and did not consent or agree to services, rates, charges, or any other terms related to personnel, equipment, and services provided or arranged by A&L.

6. By the time A&L arrived on Site, Freightstar's driver of the CMV had been extricated from the CMV and was under the care of emergency medical care providers and, thus, did not witness or participate in any aspect of the Services.

7. On information and belief, the Services were performed at various times and for various durations over the course of approximately eight (8) hours.

8. Following the Services, A&L issued three (3) separate invoices to Freightstar, which Freightstar disputed as predatory, unlawful, and unreasonable.

9. On February 12, 2024, A&L filed suit against Freightstar to recover $143,537.70 for towing and storage charges in the Fairfield County Common Pleas Court in Fairfield County, Ohio. Exhibits A and B attached to A&L's Complaint purported to be genuine invoices for the Services.

10. On March 22, 2024, Freightstar removed the aforementioned action to the United States District Court for the Southern District of Ohio.

11. At all times relevant to these proceedings, A&L has retained Freightstar's CMV, without Freightstar's consent and to the exclusion of Freightstar's rights, interests, use, and profits.

12. The invoices attached as Exhibits A and B to A&L's complaint (ECF No. 3), on information and belief, include inaccurate, incomplete, and unlawful "Charge Descriptions," make multiple misrepresentations with respect to "Quantity," and apply predatory, excessive, unlawful, and unreasonable "Prices" for the Services, including, but certainly not limited to, a late payment penalty of $2,697.92.

13. Given the foregoing, among other things, the invoices attached as Exhibits A and B to A&L's complaint (ECF No. 3) are deceptive and grossly misstate and exaggerate the value of the Services alleged to have been provided by A&L.

14. The invoices attached as Exhibit A to A&L's complaint are different from the corresponding invoice provided to Freightstar's insurer.  (See Exhibit 2 to Motion for Leave)

15. Notwithstanding the foregoing, the invoices provided to Freightstar's insurer also, on information and belief, include inaccurate, incomplete, and unlawful "Charge Descriptions," make multiple misrepresentations with respect to "Quantity," and apply predatory, excessive, unlawful, and unreasonable "Prices" for the Services, including, but certainly not limited to, late payment penalties of $2,697.92 and $12,570.00.

16. On information and belief, A&L received substantial payments from Freightstar's insurers in satisfaction of one or more negotiated settlements.

17. In spite of receiving payments from Freightstar's insurers, A&L has refused, and continues in its refusal, to release the CMV to Freightstar to the exclusion of Freightstar's rights, interests, use, and profits.

8

18.     Among other things, Exhibit A to A&L's complaint sets forth charges for Extra Guy 1, Extra Guy 2, Extra Guy 3, and Extra Guy 4 on Invoice #23-12-3808, all of whom were billed at an hourly rate of $200/hour, and all of whom allegedly worked 12 hours exactly, without any proof that this work was actually performed.

| Charge Description | Quantity | Price | Line Total |
|---|---|---|---|
| Heavy Wrecker | 12 | $1,000.00 | $12,000.00 |
| Extra Guy 1 | 12 | $200.00 | $2,400.00 |
| EXTRA GUY 2 | 12 | $200.00 | $2,400.00 |
| EXTRA GUY 3 | 12 | $200.00 | $2,400.00 |
| EXTRA GUY 4 | 12 | $200.00 | $2,400.00 |
| SKID STEER | 12 | $500.00 | $6,000.00 |
| WINCH BOX | 12 | $350.00 | $4,200.00 |
| ROLL BACK #1 | 12 | $250.00 | $3,000.00 |
| ROLL BACK #2 | 12 | $250.00 | $3,000.00 |
| SERVICE TRUCK | 12 | $500.00 | $6,000.00 |
| SPECIAL EQUIPMENT | 6 | $350.00 | $2,100.00 |
| STORAGE | 30 | $200.00 | $6,000.00 |
| Clean-up | 1 | $500.00 | $500.00 |
| GOOSENECK TRAILER | 12 | $500.00 | $6,000.00 |
| LABOR | 1 | $1,000.00 | $1,000.00 |
| | | Subtotal | $59,400.00 |
| | | Taxes | $4,009.50 |
| | | Grand Total | $63,409.50 |
| | | Amount Due: | $63,409.50 |

19.     Among other things, Exhibit A to A&L's complaint sets forth charges for Extra Guy 1, Extra Guy 2, Extra Guy 3, and Extra Guy 4, Extra Guy 5, Extra Guy 6, Extra Guy 7, Extra Guy 8, and Extra Guy 9 on Invoice #23-12-3859, all of whom were billed at an hourly rate of $135/hour, and all of whom allegedly worked 12 hours exactly, without any proof that this work was actually performed.

4878-4258-8115, v. 1

**A&L Towing and Recovery LLC**
421 Quarry Road SE, Lancaster OH 43130
Phone: (740) 654-3935 | Fax: (740) 654-3240

**Invoice**
#23-12-3859
Printed 1/3/2024

Payments can be made online by visiting twbk.co/ptN-ht

| | | | |
|---|---|---|---|
| Invoice # | 23-12-3859 | Authorized by | Fairfield County Sheriff |
| Call # | 3859 | | 345 LINCOLN AVE , LANCASTER OHIO 43130 |
| Reason | Accident | | Phone: (740) 652-7900 |
| Truck | UNIT#028 2023 INTERNATIONAL | Origin | 9650 Lancaster-Kirkersville Rd NW, Baltimore, OH 43105, USA (9650 Lancaster-Kirkersville Road Northw |
| Date/Time Requested | 12/15/2023 @ 11:12 AM | | |
| Date/Time Completed | 12/15/2023 @ 11:12 AM | Destination | 421 Quarry Rd SE, Lancaster, OH 43130, USA (421 Quarry Road Southeast) |

| Charge Description | Quantity | Price | Line Total |
|---|---|---|---|
| Extra Guy 1 | 12 | $135.00 | $1,620.00 |
| EXTRA GUY 2 | 12 | $135.00 | $1,620.00 |
| EXTRA GUY 3 | 12 | $135.00 | $1,620.00 |
| EXTRA GUY 4 | 12 | $135.00 | $1,620.00 |
| EXTRA GUY 5 | 12 | $135.00 | $1,620.00 |
| EXTRA GUY 6 | 12 | $135.00 | $1,620.00 |
| EXTRA GUY 7 | 12 | $135.00 | $1,620.00 |
| EXTRA GUY 8 | 12 | $135.00 | $1,620.00 |
| EXTRA GUY 9 | 12 | $135.00 | $1,620.00 |

20. Among other things, Exhibit B to A&L's complaint sets forth charges for Extra Guy 1, Extra Guy 2, Extra Guy 3, and Extra Guy 4 on Invoice #23-12-3854, all of whom were billed at an hourly rate of $135/hour, and all of whom allegedly worked 8.5 hours exactly, without any proof that this work was actually performed.

| Charge Description | Quantity | Price | Line Total |
|---|---|---|---|
| Extra Guy 1 | 8.5 | $135.00 | $1,147.50 |
| EXTRA GUY 2 | 8.5 | $135.00 | $1,147.50 |
| EXTRA GUY 3 | 8.5 | $135.00 | $1,147.50 |
| EXTRA GUY 4 | 8.5 | $135.00 | $1,147.50 |
| ROLL OF DUMPSTER | 1 | $5,080.00 | $5,080.00 |
| DUMP FEES | 1 | $852.00 | $852.00 |

21. Among other things, Exhibit A to A&L's complaint sets forth charges for five (5) "Roll Back" trucks on Invoice #23-12-3859, without any proof that this equipment was actually provided.

| Charge Description | Quantity | Price | Line Total |
|---|---|---|---|
| ROLL BACK #1 | 12 | $250.00 | $3,000.00 |
| ROLL BACK #2 | 12 | $250.00 | $3,000.00 |
| ROLL BACK #3 | 12 | $250.00 | $3,000.00 |
| ROLL BACK #4 | 12 | $250.00 | $3,000.00 |
| ROLL BACK #5 | 12 | $250.00 | $3,000.00 |

22. On information and belief other Services are alleged to have been provided in the invoices comprising Exhibits A and B to A&L's Complaint and the invoices submitted to Freightstar's insurers, without any supporting documentation or information confirming the same.

**COUNT ONE - VIOLATION OF OHIO DECEPTIVE TRADE PRACTICES ACT R.C. 4165.02**

23. Freightstar incorporates its prior allegations as if fully rewritten herein.

24. By asserting the excessive charges in the invoices attached as Exhibits A and B to its complaint (ECF No. 3) and invoices submitted to Freightstar's insurers, A&L has engaged in a deceptive trade practice by:

   a. Asserting charges upon Freightstar for services that were not performed;

   b. Making deceptive representations in the invoices charged to Freightstar;

   c. Charging for services beyond the scope of services actually performed;

   d. Other manners which shall be ascertained through discovery.

25. As a result of A&L's violations of R.C. 4165.02, Freightstar has sustained damages to the maximum extent permitted by law in an amount to be proven at Trial.

**COUNT TWO - CONVERSION**

26. Freightstar incorporates its prior allegations as if fully rewritten herein.

27. Freightstar has a right to possess the CMV which is being detained by A&L, in spite of receiving payments from Freightstar's insurers and in an attempt to extract predatory, excessive, unlawful, and unreasonable charges from Freightstar, which Freightstar has and continues to dispute.

28. A&L has wrongfully exerted control over the CMV.

29. A&L has wrongfully refused to return the CMV, unless the predatory, excessive, unlawful, and unreasonable are paid.

30. Consistent with, and as a result of, the foregoing, A&L has converted the CMV.

31. Freightstar has sustained damages to the maximum extent permitted by law, in an amount to be proven at trial, as a result of A&L's refusal to return the CMV.

**COUNT THREE - UNLAWFUL TOWING / STORAGE CHARGES**

32. Freightstar incorporates its prior allegations as if fully rewritten herein.

33. The invoices attached as Exhibits A and B to A&L's complaint and the invoices submitted to Freightstar's insurers are in excess of what is permitted for towing and storage under the laws and regulations of the State of Ohio, including, but not limited to, OAC Rule 4901:2-24-03.

34. Consistent with the foregoing, A&L, has violated and continues to violate certain laws and regulations of the State of Ohio governing towing operations, including, but not limited to, OAC Rule 4901:2-24-03.

35. As a result of A&L's violation of OAC Rule 4901:2-24-03, Freightstar has sustained damages to the maximum extent permitted by law in an amount to be proven at trial.

WHEREFORE, Freightstar respectfully requests that the Court order A&L to pay maximum damages permitted by the law, in an amount to be proven at trial, to Freightstar as a result of the aforementioned violations of law committed by A&L.

Respectfully submitted,

*/s/ David A. Ferris*
David A. Ferris (0059804)
M. Salman Shah (0091231)
UB GREENSFELDER LLP
65 East State Street, Suite 1100
Columbus, OH 43215-4213
dferris@ubglaw.com
mshah@ubglaw.com
(614) 229-0000; (216) 583-7001 Fax

*Attorneys for Defendant, Freighstar Expedited LLC*

11

4878-4258-8115, v. 1

## JURY DEMAND

Now come the Defendant, Freightstar Expedited LLC, by and through its attorneys, and hereby demand a trial by jury as to all issues raised herein.

Respectfully submitted,

*/s/ David A. Ferris*
David A. Ferris (0059804)
M. Salman Shah (0091231)
UB GREENSFELDER LLP
65 East State Street, Suite 1100
Columbus, OH 43215-4213
dferris@ubglaw.com
mshah@ubglaw.com
(614) 229-0000; (216) 583-7001 Fax

*Attorneys for Defendant Freightstar Expedited LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2024, a copy of the foregoing *Defendant's Amended Answer, Defenses and Counterclaim to Plaintiff's Complaint and Jury Demand* was filed electronically and provided via e-mail to counsel of record. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System (CM/ECF). Parties may access this filing through the Court's system.

Daniel J. Bennett (0079932)
Bennett Law Group, LLC
81 Mill Street, Suite 300
Gahanna, Ohio 43230
dan@danbennettlaw.com

*Attorney for Plaintiff*

                                              */s/ David A. Ferris*
                                              David A. Ferris (0059804)
                                              UB GREENSFELDER LLP